```
          FILED            RECEIVED
          ENTERED          SERVED ON
                   COUNSEL/PARTIES OF RECORD

                SEP 2 0 2016

          CLERK US DISTRICT COURT
            DISTRICT OF NEVADA
BY:                              DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHELLE GALLAWAY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BARCLAYS BANK DELAWARE; and DOES 1 through 50, inclusive,<br><br>Defendant. | CASE NO. 2:15-cv-02003-APG-GWF<br><br>**ORDER**<br><br>**(1) CONFIRMING CERTIFICATION OF CLASS ACTION AND COLLECTIVE ACTION;**<br><br>**(2) GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT;**<br><br>**(3) GRANTING FINAL APPROVAL OF THE CLAIMS ADMINISTRATOR, CLASS REPRESENTATIVE, AND CLASS COUNSEL PAYMENTS; AND**<br><br>**(4) ENTERING FINAL JUDGMENT** |

On September 20, 2016, a hearing was held on the joint motion of plaintiff Michelle Gallaway ("Plaintiff") and defendant Barclays Bank Delaware ("Barclays"), for final approval of their class settlement (the "Settlement") and payments to the Settlement Administrator. Joshua Buck of Thierman Buck, LLP appeared for the Plaintiff, and Raymond Bertrand of Paul Hastings LLP appeared for Barclays.

The Parties have submitted their Settlement, which this Court preliminarily approved by its June 9, 2016, order (ECF No. 18) (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and an opportunity to comment, object to it or to opt-out. Class Members have also been provided with a Claim Form and Consent to Join Settlement Form.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court before entering the Preliminary Approval Order and at the final approval hearing, the Court grants final approval of the Settlement, enters this Final Approval Order, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. The Court has jurisdiction over this action and the parties' Settlement under 28 U.S.C. sections 1331 and 1367, as Plaintiffs' complaint was brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and related state wage-and-hour law; the Court has original jurisdiction over Plaintiff's federal law claims; and the Court has supplemental jurisdiction over Plaintiff's state-law claims because they arise from the same alleged transactions and occurrences as do Plaintiff's federal-law claims.

2. Pursuant to this Court's Preliminary Approval Order, a Class Notice Packet consisting of a (i) Notice of Proposed Settlement of Class Action, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval, and (ii) Consent to Join Settlement and Claim Form was sent to each Class Member by first-class mail. These papers informed Class Members of the terms of the Settlement, their right to receive a proportionate Settlement Share, their right to object to the Settlement or to opt-out of the Settlement and pursue their own remedies, and their right to appear in person or by counsel at

-- 2 --

the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.

3. The Court finds and determines that this notice procedure afforded adequate protections to all class members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of class members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

4. No Class Members filed written objections to the proposed settlement as part of this notice process or stated an intent to appear at the final approval hearing.

5. For the reasons stated in the Preliminary Approval Order, this Court finds and determines that the Class, as defined in the definitions section of the Settlement, meets all of the legal requirements for certification as a collective action under section 16(b) of the FLSA, 29 U.S.C. § 216(b), and it is hereby ordered that the Class is finally certified as a collective action for purposes of settlement of this action.

6. The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the class and to each class member, that the class members who have not opted out will be bound by the Settlement, that the Settlement is finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

7. The Court finds and determines that the Settlement Shares to be paid to the Claimants as provided for by the Settlement are fair, adequate, and reasonable. The Court hereby gives final approval to and orders the payment of those amounts be made to the Claimants out of the Net Settlement Amount in accordance with the Settlement.

8. The Court finds and determines that the fees and expenses of CPT Group, Inc., in administrating the settlement, in the amount of $31,500, are fair, adequate, and reasonable. The Court hereby gives final approval to and orders that the payment of that amount be paid out of the Gross Settlement Amount in accordance with the Settlement.

9. The Court finds and determines that the Class Representative Payment in the amount of $10,000 is fair, adequate, and reasonable. The Court hereby gives final approval to

-- 3 --

and orders that the payment of that amount be paid out of the Gross Settlement Amount in accordance with the Settlement.

10. The Court finds and determines that Class Counsel Fees Payment in the amount of $300,000, and Class Counsel Litigation Expenses in the amount of $23,856.14, are fair, adequate, and reasonable. The Court hereby gives final approval to and orders that the payment of those amounts be paid out of the Gross Settlement Amount in accordance with the Settlement.

11. Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Barclays make payments to the Claimants in accordance with the Settlement.

12. Upon completion of administration of the settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the Parties.

13. By operation of the entry of this Final Approval Order, Plaintiff and Class Members are permanently barred from prosecuting against Barclays and the Released Parties any of the released claims as specified in the Settlement Agreement.

14. If, for any reason, the Settlement ultimately does not become Final (as defined by the Settlement), this Final Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Settlement; and nothing stated in the Settlement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

15. By means of this Final Approval Order, this Court hereby enters final judgment in this action, as defined in Rule 58(a)(1), Federal Rules of Civil Procedure.

16. Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

17. The Parties are hereby ordered to comply with the terms of the Settlement.

18. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement and this Court's order on Plaintiff's Motion For Class Representative Payments, Class Counsel Fees Payment, and Class Counsel Litigation Expenses Payment.

Dated: September 20, 2016.

_____
Hon. Andrew P. Gordon
United States District Judge